

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

CASE NO.: 96-379-Cr-HIGHSMITH

v.

LAZARO LOPEZ,

        Defendant.

**ADMISSIBILITY OF TAPE RECORDED CONVERSATIONS**

_____/

    The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves this Court to admit the tape-recorded conversations and the transcripts of those conversations all which have been provided to the defense counselor.

## I. MEMORANDUM

    This Circuit has developed a four-part standard which the United States must meet prior to introducing a tape-recorded conversation. The government must show "(1) that the operator of the recording equipment was competent, (2) that the equipment functioned accurately, (3) that the tape has not been materially altered, and (4) the identity of the speakers." United States v. Lively, 803 F.2d 1123, 1129 (11th Cir. 1986). See also United States v. Harrell, 788 F.2d 1524, 1527 (11th Cir. 1986). However, "the trial court has broad discretion to allow tapes into evidence without such a showing by the offering party so long as there is independent assurance of accuracy." United States v. Richardson,

764 F.2d 1514, 1524 (11th Cir. 1985). See also Lively, 803 F.2d at 1129 (partially inaudible tape admissible).

It is clear that the transcripts of tape-recorded conversations are also admissible as substantive evidence. United States v. Cruz, 765 F.2d 1020, 1023 (11th Cir. 1985); cf., United States v. Williford, 765 F.2d 1493, 1503 (11th Cir. 1985) (no error to allow transcripts of tapes to go to jury, unless showing is made of inaccuracies of specific prejudice). In Cruz, the Court set forth the proper procedure for use of English transcripts of conversations in a foreign language:

> Initially, the district court and the parties should make an effort to produce an 'official' or 'stipulated' transcript, one which satisfies all sides. If such an 'official' transcript cannot be produced, then each side should produce its own version of a transcript or its own version of the disputed portions. In addition, each side may put on evidence supporting the accuracy of its version of challenging the accuracy of the other side's version.

Cruz, 765 F.2d at 1023. See also United States v. Rosenthal, 793 F.2d 1214, 1237 (11th Cir. 1983) (adopting same procedure for all transcripts).

Respectfully submitted,

WILLIAM A. KEEFER
UNITED STATES ATTORNEY

By: _____
EDWARD L. ALLEN
ASSISTANT UNITED STATES ATTORNEY
COURT I.D. NO.: A5500072
99 N.E. FOURTH STREET
MIAMI, FLORIDA  33132
PHONE: (305) 536-4019
FAX:   (305) 536-7213

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this ___ day of July, 1996 to:

    Simon Steckel, Esquire
    701 Brickell Avenue
    Suite 3260
    Miami, Florida   33131

                              EDWARD L. ALLEN
                              ASSISTANT UNITED STATES ATTORNEY